UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                            :

In re RIVASTIGMINE PATENT LITIGATION    :   05 MD 1661 (HB)
(MDL No. 1661)                                             :
                            :   **OPINION & ORDER**
                            :
------------------------------------------------------------------------X

**Hon. HAROLD BAER, JR., District Judge:**

      Pursuant to 28 U.S.C. Section 636(b)(1)(A) (Supp. 2005) and Federal Rule of Civil Procedure 72(a), plaintiffs Novartis Pharmaceuticals Corporation, Novartis AG, Novartis Pharma AG, Novartis International Pharmaceutical Ltd., and Proterra AG (collectively "Novartis") appeal from a portion of a discovery decision by Magistrate Judge James C. Francis IV, issued on September 22, 2005. In that decision, Magistrate Francis granted in part the motion filed by defendants Dr. Reddy's Laboratories, Ltd., Dr. Reddy's Laboratories, Inc., Watson Pharmaceuticals Inc., Watson Laboratories, Inc., and Sun Pharmaceutical Industries, Ltd. (collectively "Defendants") to compel production of certain communications between Novartis and the inventors of rivastigmine tartrate ("rivastigmine"), the patented invention at issue, or their representatives. For the following reasons, that portion of Magistrate Francis' decision—the only portion appealed from—that required production of certain documents by Novartis is affirmed.

## I. BACKGROUND

The Court assumes familiarity with the background facts as set forth in In re Rivastigmine Patent Litigation, No. 05 MD 1661, 2005 WL 2319005 (S.D.N.Y. Sept. 22, 2005). Novartis withheld the communications in question on the ground that they were protected by the attorney-client privilege because Novartis and the inventors shared a common legal interest in obtaining international patent rights in rivastigmine. Defendants contended that the privilege did not apply because Novartis and the inventors shared only a commercial interest.

      As Magistrate Francis explained, for the common interest doctrine to apply, the party that invoked the doctrine must show not only that a joint identical legal interest existed, but also that the parties "demonstrated cooperation in developing a common legal strategy." Id. at *2 (citations omitted). Because Novartis failed to satisfy the second prong of the test, Magistrate Francis ordered that the withheld communications must be produced. Novartis appeals that

ruling on the ground that Magistrate Francis incorrectly found that the evidence Novartis submitted failed to prove cooperation in the development of a common legal strategy.

## II. DISCUSSION

### A. Standard of Review

28 U.S.C. Section 636(b)(1)(A) provides that "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court" except for certain specified dispositive motions. Id. (Supp. 2005). The same statute also allows a judge to reconsider any pretrial matter assigned to a magistrate "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Id. This standard governs a trial court's review of a magistrate's order regarding a discovery dispute. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990).

A finding is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Gualandi v. Adams, 385 F.3d 236, 240 (2d Cir. 2004) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). Accordingly, "magistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused." Am. Stock Exch., LLC v. Mopex, Inc., 215 F.R.D. 87, 90 (S.D.N.Y. 2002).

### B. Magistrate's Order Was Not Clearly Erroneous

In support of its present motion, Novartis cites to testimony and documents before Magistrate Francis that they assert illustrate a common legal strategy between themselves and the inventors for obtaining international patent protection for rivastigmine. Novartis also offers to submit additional documents for the Court's in camera and ex parte review. As this is a motion to reconsider, I will review only evidence that was part of the record before Magistrate Francis.

Novartis fails to persuade me that Magistrate Francis abused his discretion in ordering that the withheld documents be produced. At most, the evidence shows that in 1986, the inventors' representative, Yissum, entered into an agreement with Proterra AG ("Proterra") to assign all ownership rights in rivastigmine to Proterra. See Assignment Agreement, Ex. 4 to 10/27/2005 Opposition Declaration of Maurice N. Ross, counsel for the Reddy defendants ("Ross Opp'n Decl."), at 2. Pursuant to Paragraph 2 of the agreement, Yissum contracted to take necessary steps to execute the transfer of rights and to provide ongoing assistance to Proterra AG

2

in international patent prosecution. See id. As specified in the agreement, Yissum's ongoing assistance related simply to the execution of formal documents necessary to complete the transfer of ownership rights in the patents. See id. As such, the evidence shows that Proterra AG and Yissum shared a commercial interest in honoring the assignment agreement rather than a joint legal strategy for patent prosecution. None of the other evidence Novartis raises is to the contrary. Indeed, Novartis' Rule 30(b)(6) witness, Dr. Martin Lutz, testified that, apart from Paragraph 2, there is no provision in the agreement that obligates Yissum or the inventors to cooperate with Proterra as to the prosecution, enforcement, or litigation of patent rights, although such a provision is typically found in patent assignment agreements. See Transcript of Lutz Deposition, Ex. 3 to Ross Opp'n Decl., at 141:11-24. Consequently, Magistrate Francis' ruling that the disputed documents were not protected by the common interest doctrine was not clearly erroneous.

## CONCLUSION

For the foregoing reasons, Magistrate Francis' order is affirmed. The Clerk of the Court is instructed to remove this motion from my docket.

**IT IS SO ORDERED.**
New York, New York
November 01, 2005

_____
U.S.D.J.