```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          (ECF)
- - - - - - - - - - - - - - - - - -:
                                    :  05 MD 1661 (HB) (JCF)
In Re RIVASTIGMINE PATENT           :
LITIGATION (MDL No. 1661),          :     MEMORANDUM
                                    :     AND ORDER
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

By letter dated December 15, 2005, and reply dated December 21, 2005, the defendants have challenged the adequacy of the plaintiffs' response to their interrogatories concerning the plaintiffs' claims of privilege. The plaintiffs initially did not respond in a timely fashion to the interrogatories, and, while I permitted the plaintiffs to interpose tardy objections, I indicated that I would view such objections with skepticism. Nevertheless, I find that, with one minor and one major exception, the plaintiffs' responses are adequate and their objections justified.

With respect to each document that was the subject of the defendants' "Swiss motion," the plaintiffs have provided: (1) the identity of the attorney or patent agent whose participation provides the basis for a claim of privilege; (2) the professional status of that person (e.g., "U.S. Patent Attorney") and his or her affiliation (e.g., "Novartis Corporate Intellectual Property Department"); (3) the identity of the country upon whose privilege law the plaintiffs rely; (4) the identity of the country in which each communication was authored and maintained; and (5) information concerning the basis for the claim of privilege (e.g.,

1

"confidential communication from a European Patent Attorney to client made for the purpose of providing legal advice re: 'case X'").

The additional detail that the defendants seek is generally unnecessary. For example, they have requested the specific legal authority that supports the plaintiffs' claim of privilege under foreign law for each document. But the plaintiffs have already cited the legal basis for the assertion of privilege in their initial response to the "Swiss motion." Certainly, such legal argument can be presented categorically and need not be reiterated with respect to each individual document. Similarly, the plaintiffs need not provide at this time the evidentiary basis for every claim that a non-lawyer was acting under the supervision of an attorney. If and when the defendants challenge specific assertions of privilege, any such allegation will be tested. One additional detail that the plaintiffs must supply, however, is support for their designation of each legal professional. For example, in addition to identifying a person as a "U.S. Patent Attorney," the plaintiffs must indicate the relevant bar admission, including the date. This is hardly onerous, and it will serve to confirm or contradict the individual's purported status.

The major respect in which the plaintiffs' interrogatory answers are deficient is their scope. Although the need for the interrogatories initially became apparent when the defendants

submitted the "Swiss motion," the questions are not limited to the privileged documents at issue in that motion, and the information sought is equally relevant to any claim of privilege, including those asserted with respect to foreign patent prosecution files. Accordingly, the plaintiffs shall provide the same information with respect to <u>all</u> claims of privilege as they have with respect to the claims placed at issue by the "Swiss motion."

Conclusion

By January 20, 2006, plaintiffs shall supplement their answers to defendants' interrogatories concerning the plaintiffs' claims of privilege by: (1) providing the relevant qualification (such as bar admission) and the date of such qualifying event for each legal professional, and (2) providing interrogatory answers with respect to all other documents withheld on the basis of privilege that include information equivalent to that provided for documents subject to the "Swiss motion."  In all other respects, the plaintiffs' interrogatory answers are sufficient and need not be supplemented.  The defendants shall advise the Court when and how they intend to renew the "Swiss motion" in light of the plaintiffs' interrogatory answers.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          January 4, 2006

Copies mailed this date:

Robert L. Baechtold, Esq.
Diego Scambia, Esq.
Nicholas N. Kallas, Esq.
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, New York  10112-3801

Maurice N. Ross, Esq.
Stuart Sender, Esq.
Lars Taavola, Esq.
Budd Larner PC
150 John F. Kennedy Parkway
Short Hills, New Jersey  07078

James K. Stronski, Esq.
Frommer Laurence & Haug, LLP
745 Fifth Avenue
New York, New York  10151

James F. Hurst, Esq.
David J. Doyle, Esq.
Derek J. Sarafa, Esq.
Kristen G. Cowan, Esq.
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601