# BUDD LARNER
### A PROFESSIONAL CORPORATION
#### COUNSELLORS AT LAW

150 JOHN F. KENNEDY PARKWAY
SHORT HILLS, NJ 07078-2703
973.379.4800
FAX 973.379.7734
www.buddlarner.com



Direct Dial (973) 315-4526

January 10, 2006

**VIA FACSIMILE**
The Honorable James C. Francis IV
United States Magistrate Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:   *In re Rivastigmine Patent Litigation*
              05 MDL No. 1661 (HB, JF)

Dear Judge Francis:

      This responds to plaintiffs' January 9, 2006 letter requesting clarification of the Court's January 4, 2006 Order and requesting an extension of time. Plaintiffs are playing games in an effort to further delay the case.

      Your Honor's Order clearly encompassed documents withheld from foreign patent prosecution files:

> Although the need for the interrogatories initially became apparent when the defendants submitted the "Swiss motion," the questions are not limited to the privileged documents at issue in that motion, and the information sought is equally relevant to any claim of privilege, including those asserted with respect to foreign patent prosecution files. Accordingly, plaintiffs shall provide the same information with respect to all claims of privilege as they have with respect to claims placed at issue by the "Swiss motion."

(See Jan. 4 Order at 2-3). Plaintiffs' reading of the Court's January 4 Order to "allow plaintiffs to provide any remaining information categorically, and not on a document-by-document basis" for the foreign prosecution files should not be allowed. The categorical submission that plaintiffs propose would make it virtually impossible to evaluate the propriety of claims of privilege for individual documents within foreign patent prosecution files.

**BUDD LARNER**

A PROFESSIONAL CORPORATION

The Honorable James C. Francis IV
January 10, 2006
Page 2

First, whether a document from a foreign prosecution file is privileged depends on the status of the individual legal professional whose participation gives rise to the claim of privilege. Documents prepared and received by patent agents are not privileged under the laws of some countries (i.e. Switzerland, France, etc.). Plaintiffs' proposed categorical response would not provide sufficient information since the existence of privilege may vary for specific withheld documents depending on the identity of the legal professional whose participation gives rise to the claim of privilege.

Second, whether a document from a foreign prosecution file is privileged depends on the applicable law. Plaintiffs must state their contention as to the law applicable to each document withheld, and must provide facts sufficient to support this claim (i.e., the subject matter of the document, its author, its recipients, its date and the geographic location where it was generated and to which it was sent). Plaintiffs' categorical approach is insufficient since the applicable law may vary from one document to another.

Third, in order for the attorney-client privilege to apply to a communication, the communication must occur during a time period when an attorney-client relationship exists. *See United States v. Rivera*, 837 F.Supp. 565, 567-68 (S.D.N.Y. 1993) (finding that the party invoking privilege bears the burden of showing that an attorney-client relationship existed at the time of the communication). Plaintiffs have the burden of establishing the existence of an attorney-client relationship at the time of each individual communication. *See Rivera*, 837 F. Supp. at 567-68.

We have previously demonstrated in more detail why plaintiffs' categorical privilege log was insufficient. On January 4, 2006, following plaintiffs' failure to have responded to defendants' interrogatories in accordance with directives of the Court in a December 7 telephone conference with all parties, this Court *again* clearly and unambiguously ordered plaintiffs to provide sufficient information to permit the Court and defendants to evaluate plaintiffs' claim of privilege *for each document* withheld on grounds of privilege. Had plaintiffs' categorical approach been satisfactory, there would have been no reason to direct plaintiffs during our December 7 telephone conference to respond to defendants' interrogatories concerning these documents, nor, indeed, would there have been a need for this Court to order plaintiffs to submit the documents for *in camera* review in the first place (See Nov. 22 Order at 2). It is absurd for plaintiffs to now insist at this late date that they were somehow exempt from providing information for individual documents withheld from foreign files comparable to the information which they were ordered to provide for documents withheld from plaintiffs' files in Switzerland and the United States.

At bottom, plaintiffs' recent request for clarification is nothing more than a transparently improper delaying tactic. Plaintiffs' request for permission to submit additional information for their foreign prosecution documents categorically and their

**BUDD LARNER**

A PROFESSIONAL CORPORATION

The Honorable James C. Francis IV
January 10, 2006
Page 3

request for a three week extension should be denied. Moreover, to the extent that any extension is granted, such extension should be no more than one week.

Respectfully submitted,

Maurice N. Ross

580112

cc:    Diego Scambia, Esq.
        James K. Stronski, Esq.
        Derek Sarafa, Esq.