

# FITZPATRICK, CELLA, HARPER & SCINTO

30 ROCKEFELLER PLAZA
NEW YORK, NY 10112-3800
212-218-2100
FACSIMILE (212) 218-2200
WWW.FITZPATRICKCELLA.COM

DIEGO SCAMBIA
DIRECT DIAL (212) 218-2202
E-MAIL dscambia@fchs.com

**WASHINGTON OFFICE**
1900 K STREET, N.W.
WASHINGTON, D.C. 20006-1110
(202) 530-1010
FACSIMILE (202) 530-1055

**CALIFORNIA OFFICE**
650 TOWN CENTER DRIVE, SUITE 1600
COSTA MESA, CALIFORNIA 92626-7130
(714) 540-8700
FACSIMILE (714) 540-9023

January 11, 2006

## VIA FACSIMILE

Honorable James C. Francis IV
United States Magistrate Judge
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *In re Rivastigmine Patent Litigation,*
Civil Action No. 1:05-md-1661 (HB)(JCF)

Dear Judge Francis:

Contrary to defendants' January 10 letter, the information that defendants claim categorical supplementation will deprive them of has either already been provided or can be provided categorically. That information falls within three categories.

**The Legal Professional Giving Rise To**
**The Privilege Claim (1/10/06 Ross Letter at 2, ¶ 1)**

Plaintiffs' December 30 submission already provided, where available, the identity of the foreign country individuals giving rise to the privilege, as well as their legal professional status (i.e., patent agent, attorney, etc.). (See, e.g., Exh. 3 to 12/30/05 Scambia Letter, Category 1 (Australia) at 1: M. Caine and T. Corbett are identified as patent agents, and the basis for the claim of privilege is set forth at page 4 of plaintiffs' 12/30/05 Scambia letter).

For each foreign prosecution category, plaintiffs clearly stated that the law of the country of the foreign patent applies, and the privilege claims should be sustained based on the involvement of that foreign country's legal professionals. Thus, for each country, plaintiffs have identified the foreign individuals as agents or attorneys and provided the law as applied to those professionals. Nothing more should be required other than providing information concerning when the foreign individuals obtained their qualifications. Plaintiffs will provide that information on January 20.

Honorable James C. Francis IV
January 11, 2006
Page 2

### The Applicable Law And Supporting Privilege Facts (1/10/06 Ross Letter at 2, ¶ 2)

As stated above, plaintiffs' December 30 submission already provided the information concerning the applicable law (i.e., the law that applies to each foreign prosecution category and the reasons that law applies). (See 12/30/05 Scambia Letter at 3-21, and Exhs. 3 and 4 thereto). Information on a document-by-document basis for the 1200-plus foreign prosecution documents will not provide any different information on the applicable law.

Concerning "facts sufficient to support" plaintiffs' claims of privilege, plaintiffs already provided the information categorically, or will shortly do so, as explained below. The December 30 submission sufficiently described "the subject matter of the documents" for defendants to challenge, and the Court to evaluate plaintiffs' privilege claims. Once again using the first entry of plaintiffs' revised December 30 categorical privilege log, plaintiffs described the subject matter of the category of documents:

> Confidential communications between client (Proterra) and Australian patent agents and/or Australian law firms, or between Proterra (represented by Lenz & Staehlin) and Novartis or predecessor in interest Sandoz requesting/reflecting legal advice, concerning patent prosecution, extension of patent term and SPC protection for Australian equivalent to '807 patent. (Exh. 3 to 12/30/05 Scambia Letter at 1).

Concerning authors and recipients, plaintiffs provided this information for each category. For Australia category 1, the list of "Author(s), Recipient(s) Copy Recipient(s)," reproduced in the footnote below, provides this information.[1] To the extent the authors or recipients impart the privilege (i.e., the foreign legal professionals), information concerning their bar admission date will be provided, where available, in accordance with the Court's January 4 Order. A document-by-document recitation is unnecessary to provide these qualifications. If defendants choose to challenge based on the individuals identified, they have the ability to do so from the information provided.

Concerning the "date", plaintiffs have provided date information for the documents in each category. For Australia category 1, the date range is 2/26/86-5/16/03. (Exh. 3 to 12/30/05 Scambia Letter at 1). If defendants choose to challenge based on date, either because a legal professional did not have his or her qualifications (see above) or because there was no attorney or patent agent/client relationship (see below), they will have

---

[1] A. Bopp, E. Rutschmann, C. Morris, Davies and Collison, Davies Collison Cave, G. Wymann, M. Caine (patent agent), Novartis AG, H. Haus, H. Pfister, Proterra AG, R. Ross, Sandoz AG, Sandoz Ltd., T. Corbett (patent agent), M. Lutz, and Lenz & Staehlin. (Exh. 3 to 12/30/05 Scambia Letter at 1).

Honorable James C. Francis IV
January 11, 2006
Page 3

the date information they need. Indeed, they may challenge documents for any part of the
date range they see fit. A document-by-document recitation for the 1,200-plus documents
will provide no additional date information.

Concerning "geographic location where [the document] was generated and
to which it was sent," the December 30 submission already provided the necessary
information:

> The documents in each of categories 1-81 were either authored in the
> respective foreign country, when authored by plaintiffs' foreign
> representative, or in Zurich or Basel, Switzerland (for categories 1-39) and
> Basel only (for categories 40-81), when authored by the client, i.e., one of
> plaintiffs' employees. Each of the documents in categories 1-39 is
> maintained in either Zurich or Basel, and in Basel only for categories 40-81.

(12/30/05 Scambia Letter at 2, fn.1). This provides defendants with all they need to
challenge based on geographic location. A document-by-document recitation will provide
no additional information that defendants do not already have.

**Existence Of An Attorney-Client Relationship At The**
**Time Of Each Individual Communication (1/10/06 Ross Letter at 2, ¶ 3)**

Existence of such a relationship does not require document-by-document
explications. It would be inconvenient to do that. There was, in fact, either an attorney-
client or patent agent-client relationship at the time of each privileged communication, and
plaintiffs can conveniently provide this information by declaration on a categorical basis.

\*    \*    \*

In sum, a document-by-document supplementation for plaintiffs' 1200-plus
foreign prosecution documents will not provide defendants with anything they will not
already have, or need, to challenge plaintiffs' privilege claims. Therefore, plaintiffs
respectfully request that the Court allow plaintiffs to continue to provide the necessary
information categorically.

Respectfully submitted,

Diego Scambia
(DS 0296)

cc:    Derek J. Sarafa, Esq. (via facsimile)
Maurice N. Ross, Esq. (via facsimile)
James Stronski, Esq. (via facsimile)