```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK           (ECF)
- - - - - - - - - - - - - - - - - - -:
                                      :  05 MD 1661 (HB) (JCF)
In Re RIVASTIGMINE PATENT             :
LITIGATION (MDL No. 1661)             :  MEMORANDUM
                                      :  AND ORDER
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

In his decision dated November 22, 2006, the Honorable Harold Baer, United States District Judge, remanded to me for clarification the issue of whether Novartis has established that Documents Nos. 207 and 209 are privileged. In a subsequent telephone conference I explained to counsel my concerns about the grounds that Novartis had proffered for withholding those documents. In particular, I noted that it was not apparent whether the letter that is an attachment to both documents was in fact sent to a specific attorney or simply directed to a law firm generally. Second, I observed that I did not believe that I had information indicating whether the recipient of Document No. 209, a legal assistant, was actually working under the supervision of an attorney. I invited counsel to provide supplemental submissions addressing these issues.

Novartis has now satisfied me that it properly asserted the attorney-client privilege with respect to both documents. The attachment is plainly a request for legal advice. In response to my first inquiry, Novartis has shown that another document submitted in camera, Document No. 203, was a response by counsel to

1

that very request. This corroborates Novartis' representation that the inquiry had been directed to that attorney in the first place.

With respect to the cover letters, Novartis has pointed out that it does not contest disclosure of the cover letter to Document No. 209. That issue is therefore moot. The defendants, however, have argued that there is insufficient evidence that the patent agent who received Document No. 207 was supervised by the attorney who was the recipient of the attachment. That may be, but Novartis has demonstrated that the patent agent was under the supervision of another attorney, and that is adequate to maintain the privilege.

Finally, the defendants complain that Novartis should not have been granted yet another opportunity to justify its assertions of privilege. In this instance, however, the information upon which Novartis relies had previously been submitted, so there is nothing unfair about permitting the parties to assist me by directing my attention to the appropriate portions of the rather massive record.

Conclusion

For the reasons set forth above, Novartis' assertions of privilege with respect to Documents Nos. 207 and 209 are upheld.

SO ORDERED.

_____
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

2

```
Dated:     New York, New York
           December 20, 2006
```

Copies mailed this date:

Robert L. Baechtold, Esq.
Diego Scambia, Esq.
Nicholas N. Kallas, Esq.
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, New York  10112-3801

Maurice N. Ross, Esq.
Stuart Sender, Esq.
Lars Taavola, Esq.
Budd Larner PC
150 John F. Kennedy Parkway
Short Hills, New Jersey  07078

James K. Stronski, Esq.
Frommer Laurence & Haug, LLP
745 Fifth Avenue
New York, New York  10151

James F. Hurst, Esq.
David J. Doyle, Esq.
Derek J. Sarafa, Esq.
Kristen G. Cowan, Esq.
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601