USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/21/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

(ECF)

- - - - - - - - - - - - - - - - - - - -:
                                        :    (05 MD 1661) (HB) (JCF)
In Re RIVASTIGMINE PATENT               :
LITIGATION (MDL No. 1661),              :         O R D E R
                                        :
- - - - - - - - - - - - - - - - - - - -:

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

       Defendants Watson Pharmaceuticals, Inc. and Watson Laboratories, Inc. (collectively, "Watson") together with defendant Sun Pharmaceutical Industries, Ltd. ("Sun"), having submitted a letter raising certain discovery issues, and plaintiffs having responded, it is hereby ORDERED as follows:

       1.    Watson and Sun's request for an order compelling production of all documents relating to the agreement between plaintiffs and defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively, "Dr. Reddy's") is denied. That agreement provides in substance for a stay of all proceedings against Dr. Reddy's together with entry of judgment in the Dr. Reddy's case that will reflect the ultimate determination of the parallel claims that continue to be litigated by Watson and Sun. Watson and Sun have not articulated how the communications leading up to that agreement might be relevant to the substantive claims of patent infringement, invalidity, and enforcement in this case. See In re Initial Public Offering Securities Litigation, No. 21 MC 92, 2004 WL 60290, at *5 (S.D.N.Y. Jan. 12, 2004) (discussing the need to show relevance to justify disclosure of settlement documents).

1

2.    Watson and Sun's application for an order compelling plaintiffs to produce their translations of foreign language documents produced in discovery is granted.  Although Watson and Sun rely on In re Omeprazole Patent Litigation, MDL No. 1291 (S.D.N.Y. Oct. 5, 1999) (slip op.), for the proposition that the translations are opinion work product entitled to the highest protection, this argument is unconvincing.  Because the documents have already been turned over in discovery, providing the translations would reveal little, if anything, about the thought processes of counsel in selecting them.  At most, the translations are ordinary work product, and Watson and Sun have demonstrated substantial need for them in order to be able to complete discovery promptly and undue hardship if they are required to duplicate work already performed.    Plaintiffs shall therefore produce the requested translations upon the conditions that Watson and Sun each pay one-third of the costs of translation, that these defendants promptly produce in discovery any English language translations that they have created or will create in the future, and that plaintiffs are not foreclosed from relying on different translations later in the litigation as long as they give reasonable notice to defendants.  Plaintiffs' request for a further condition that the translations may not be used with any witness or expert in deposition or at trial is denied.

SO ORDERED.

_____
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          February 21, 2007

Copies mailed this date:

Robert L. Baechtold, Esq.
Diego Scambia, Esq.
Nicholas N. Kallas, Esq.
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, New York  10112-3801

Maurice N. Ross, Esq.
Stuart Sender, Esq.
Lars Taavola, Esq.
Budd Larner PC
150 John F. Kennedy Parkway
Short Hills, New Jersey  07078

Barry S. White, Esq.
James K. Stronski, Esq.
Frommer Laurence & Haug, LLP
745 Fifth Avenue
New York, New York  10151

James F. Hurst, Esq.
David J. Doyle, Esq.
Derek J. Sarafa, Esq.
Kristen G. Cowan, Esq.
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601