## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------ X
                                                 :
In re Rivastigmine Patent Litigation            :    Civil Action No. 1:05-md-1661 (HB)(JCF)
                                                 :
------------------------------------------------ X
NOVARTIS PHARMACEUTICALS                         :
CORPORATION, NOVARTIS AG,                        :
NOVARTIS PHARMA AG and                           :
NOVARTIS INTERNATIONAL                           :
PHARMACEUTICAL LTD.,                             :
                                                 :    Civil Action No. 05-CV-02235 (HB) (S.D.N.Y.)
                          Plaintiffs,            :
                                                 :    Civil Action No. 04C5477 (N.D. Ill.)
              v.                                 :
                                                 :
SUN PHARMACEUTICAL                               :
INDUSTRIES LTD.,                                 :
                                                 :
                          Defendant.             :
------------------------------------------------ X
```

### PLAINTIFFS' OPPOSITION TO SUN PHARMACEUTICAL'S
### MOTION FOR LEAVE TO FILE *INSTANTER* A SURREPLY
### TO PLAINTIFFS' MOTION TO DISMISS WITH PREJUDICE
### THEIR ACTION AGAINST SUN FOR INFRINGEMENT
### OF U.S. PATENT NO. 5,602,176

Sun's request to submit a surreply is based upon the completely erroneous

premise that Sun will otherwise be foreclosed from responding to arguments raised by plaintiffs

for the first time in reply. In fact, the arguments found in Sun's proposed surreply either were or

could have been made in its opposition brief.

Because Sun has pled neither substantive counterclaims nor a claim for attorneys' fees in this case, plaintiffs have moved to dismiss, based on a covenant not to sue, the only claim that is in the captioned action – their own claim for infringement of the '176 patent by Sun (Plaintiffs' Moving Brief at 4-14).

In opposition to the motion, Sun argued that, notwithstanding dismissal of plaintiffs' claim, Sun is a prevailing party entitled to proceed with an attorneys' fee claim because (1) it is not required to specifically plead one (Sun's Opposition Brief at 3, 9-10) and (2) if it is required to do so, this Court should entertain a motion for leave to amend.  (*Id.* at 12).

In reply, plaintiffs responded that (1) Sun is required to plead an attorneys' fee claim; and (2) this Court no longer has subject matter jurisdiction to allow Sun to amend its answer to plead such a claim (Plaintiffs' Reply Brief at 7-11).

Now, in the surreply it seeks leave to file, Sun makes the exact same arguments described above that were included in its opposition brief, supplemented this time with additional contentions and attempts to distinguish the cases plaintiffs' cited in their reply.

Thus, Sun's characterization of the basis for its present motion is completely false. Plaintiffs have not raised new issues in reply– they have simply responded to arguments raised by Sun for the first time in its opposition.  This is entirely appropriate, as recognized by one of the cases Sun relies upon in seeking leave to surreply, and certainly does not support the relief Sun now seeks from this Court. *See U.S. v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001) (recognizing that an appellant in reply may "respond to arguments raised for the first time in appellee's brief"). Sun's motion is pure gamemanship, seeking this Court's aid in having the last word on issues it already has had the opportunity to address.  Sun is not entitled to the relief it seeks, and its motion to file a surreply should be denied.

-2-

Finally, should this Court entertain Sun's surreply, we submit that fairness requires that plaintiffs, as the movants seeking dismissal of all '176 patent issues, be permitted a brief response.

Dated: March 23, 2007

Robert L. Baechtold (RB 6866)
Nicholas N. Kallas (NK 1084)
Diego Scambia (DS 0296)
Gregory B. Sephton (GS 6416)
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, NY 10112-3801
Phone: (212) 218-2100
Facsimile: (212) 218-2200

Attorneys for Plaintiffs
Novartis Pharmaceuticals Corporation,
Novartis AG,
Novartis Pharma AG, and
Novartis International Pharmaceutical Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2007, a copy of the foregoing "Plaintiffs' Opposition To Sun Pharmaceutical's Motion For Leave To File *Instanter* A Surreply To Plaintiffs' Motion To Dismiss With Prejudice Their Action Against Sun For Infringement Of U.S. Patent No. 5,602,176" was caused to be served upon the following attorneys:

By Facsimile:

Derek J. Sarafa, Esq.
Winston & Strawn, LLP
35 W. Wacker Dr.
Chicago, IL 60601

Maurice N. Ross, Esq.
Budd Larner
150 John F. Kennedy Pkwy.
Short Hills, NJ 07078-0999

James K. Stronski, Esq.
Frommer, Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151