```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          (ECF)
- - - - - - - - - - - - - - - - - - -:
                                      : 05 MD 1661 (HB) (JCF)
In Re RIVASTIGMINE PATENT            :
LITIGATION (MDL No. 1661)            :    MEMORANDUM
                                      :    AND  ORDER
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

A dispute has arisen in this patent case over the obligation of a party under Rule 612 of the Federal Rules of Evidence to disclose privileged documents that have been reviewed by a deposition witness.  Dr. Wanda Williams was designated to testify on behalf of defendants Watson Pharmaceuticals, Inc. and Watson Laboratories, Inc. (collectively, "Watson") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.  Dr. Williams had previously been employed by Watson as Executive Director of Portfolio and Project Management.  (Declaration of Kenton Walker dated March 9, 2007 ("Walker Decl."), attached as Exh. 4 to Letter of James K. Stronski dated March 9, 2007 ("Stronski 3/9/07 Letter"), ¶ 9).

Dr. Williams testified that in preparation for her deposition she had refreshed her recollection by reviewing various categories of documents, including, for example, New Product Steering Committee materials, which are "[s]ummary documents that detail products under consideration for development and at various stages

1

of development."  (Deposition of Wanda Williams ("Williams Dep."),
excerpts attached as Exh. 3 to Stronski 3/9/07 Letter, at 13-16).
Counsel for Watson had previously produced these documents in
redacted form during the course of discovery.  (Williams Dep. at
26, 28).  The plaintiffs, Novartis Pharmaceuticals Corporation,
Novartis AG, Novartis Pharma AG, Novartis International
Pharmaceutical Ltd. and Proterra AG (collectively "Novartis"), now
seek production of these same documents in a form that includes
information previously redacted on grounds of the attorney-client
privilege and the work product doctrine.  Novartis agrees, however,
that Watson may continue to redact information relating to products
other than rivastigmine, which is the drug at issue here.  Novartis
argues that since Ms. Williams relied on these documents in her
deposition testimony, any claim of privilege is overcome by the
requirements of Rule 612.

Discussion

    Rule 612 provides in pertinent part:

    [I]f a witness uses a writing to refresh memory for the
    purpose of testifying, either --

        (1) while testifying, or

        (2) before testifying, if the court in its
    discretion determines it necessary in the interests of
    justice,

    an adverse party is entitled to have the writing produced
    at the hearing, to inspect it, to cross-examine the
    witness thereon, and to introduce in evidence those
    portions which relate to the testimony of the witness.
    If it is claimed that the writing contains matters not

> related to the subject matter of the testimony, the court
> shall examine the writing in camera, excise any portions
> not so related, and order delivery of the remainder to
> the party entitled thereto.

However, "nothing in the Rule [should] be construed as barring the assertion of a privilege with respect to writings used by a witness to refresh his memory." Fed. R. Evid. 612 advisory committee's note (citing House Report No. 93-650).

As one court has noted, "courts have been grappling with the scope of Rule 612 with varying degrees of clarity." Suss v. MSX International Engineering Services, Inc., 212 F.R.D. 159, 163 (S.D.N.Y. 2002). Some cases, exemplified by Ehrlich v. Howe, 848 F. Supp. 482 (S.D.N.Y. 1994), take the position that Rule 612 trumps the privilege, such that a document that is reviewed by a witness prior to deposition must always be produced. According to the court in Ehrlich, "when '[c]onfronted with the conflict between the command of Rule 612 to disclose materials used to refresh recollection and the protection provided by the attorney-client privilege . . . the weight of authority holds that the privilege . . . is waived.'" Id. at 493 (quoting S & A Painting Co. v. O.W.B. Corp., 103 F.R.D. 407, 408 (W.D. Pa. 1984)). While such a rule has the virtue of simplicity, it appears inconsistent with the advisory committee note indicating that Rule 612 does not bar the assertion of privilege with respect to documents used to refresh a witness' recollection.

At the other end of the spectrum, the court in Suss concluded

that production of privileged materials could only be required where the privilege has been waived.  Thus,

> the relevant inquiry is not simply whether the documents were used to refresh the witness's recollection, but rather whether the documents were used in a manner which waived the attorney-client privilege. This could happen, for example, if privileged communications were disclosed to an individual outside the privileged relationship. On the other hand, the privilege would not be lost if an individual were to review his own already privileged documents.

212 F.R.D. at 164 (citations omitted).  However, there may well be instances where it is "necessary in the interests of justice" to require the production of a document as to which the privilege has not been waived in order to permit adequate cross-examination.  For example, someone within the privileged relationship may be shown a document that he has never seen before in order to refresh his recollection, and it would be prejudicial to the party taking the deposition to be denied access to the document.

A better approach is the functional analysis described in Bank Hapoalim, B.M. v. American Home Assurance Co., No. 92 Civ. 3561, 1994 WL 119575 (S.D.N.Y. April 6, 1994).  There, the court found that "[b]efore ordering production of privileged documents, courts require that the documents 'can be said to have had sufficient "impact" on the [witness'] testimony to trigger the application of Rule 612.'" Id. at *6 (quoting Berkey Photo, Inc. v. Eastman Kodak Co., 74 F.R.D. 613, 615 (S.D.N.Y. 1977)).  If this threshold is met, courts then engage in a balancing test considering such

factors as whether production is necessary for fair cross-examination or whether the examining party is simply engaged in a "fishing expedition."  Id.

Under such a functional analysis, the redacted portions of the documents at issue here need not be produced.  Where a witness designated pursuant to Rule 30(b)(6) testifies on the basis of knowledge obtained for the first time from privileged documents reviewed in preparation for the deposition, enforcing the privilege may result in denial of any effective cross-examination.  But here, Dr. Williams was herself the author of each of the documents. (Watson's Third Privilege Redactions Log).  In effect, she memorialized information obtained from counsel and from other sources in connection with product development.  Thus, she had the factual information about which she testified from the outset and was subject to cross-examination regarding her own knowledge.

Moreover, this is not a case in which the accuracy of Dr. Williams' memory is a central concern.  She is not a percipient witness whose recollection of an automobile accident had to be jogged by reference to a privileged communication.  Rather, she was testifying concerning such issues as Watson's decision to develop a generic rivastigmine product, the diseases that it intended to treat with that product, and its awareness of Novartis' competitive products.  (Notice of Rule 30(b)(6) Deposition of Watson Pharmaceuticals, Inc. and Watson Laboratories, Inc., attached as

Exh. 1 to Stronski 3/9/07 Letter; Letter of James K. Stronski dated Dec. 13, 2005, attached as Exh. 2 to Stronski 3/9/07 Letter).  My in camera review of the disputed documents indicates that the portions redacted on grounds of privilege are unlikely to have influenced Dr. Williams' testimony with respect to the issues for which she was designated to testify.  Watson's privilege claims are therefore upheld with respect to the redacted documents.[1]  Since the redactions were warranted by the attorney-client privilege, I need not decide whether an analysis of the documents as work product would have dictated a different result.

Conclusion

For the reasons discussed above, Novartis' motion to compel production of unredacted copies of documents reviewed by Dr. Wanda Williams prior to her deposition is denied.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE


Dated:     New York, New York
           April 6, 2007

---

[1] Novartis complains that Watson failed to establish the identity of specific attorneys who provided the advice that has been redacted.  Watson has, however, attested that the communications originated with its legal department, consisting of certain named lawyers and persons acting under the supervision of lawyers.  (Walker Decl., ¶¶ 7-8, 11-12).  That is sufficient.

Copies mailed this date:

Robert L. Baechtold, Esq.
Diego Scambia, Esq.
Nicholas N. Kallas, Esq.
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, New York  10112-3801

Maurice N. Ross, Esq.
Stuart Sender, Esq.
Lars Taavola, Esq.
Budd Larner PC
150 John F. Kennedy Parkway
Short Hills, New Jersey  07078

James K. Stronski, Esq.
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, New York  10151

James F. Hurst, Esq.
David J. Doyle, Esq.
Derek J. Sarafa, Esq.
Kristen G. Cowan, Esq.
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601