IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re Rivastigmine Patent Litigation | Civil Action No. 1:05-md-1661 (HB)(JCF) |
| NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS AG, NOVARTIS PHARMA AG, NOVARTIS INTERNATIONAL PHARMACEUTICAL LTD. and PROTERRA AG, | FILED ELECTRONICALLY |
| Plaintiffs, | Civil Action No. 05-CV-02234 (HB) (S.D.N.Y.) Civil Action No. WD 04-CV-07594-MRP-CT (C.D. Cal.) |
| v. | |
| WATSON PHARMACEUTICALS, INC. and WATSON LABORATORIES, INC., | |
| Defendants. | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO WATSON'S MOTION
FOR LEAVE TO FILE AN AMENDED ANSWER AND COUNTERCLAIMS**

Robert L. Baechtold (RB 6866)
Nicholas N. Kallas (NK 1084)
Diego Scambia (DS 0296)
Gregory B. Sephton (GS 6416)
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, NY 10112-3801
Phone: (212) 218-2100
Facsimile: (212) 218-2200

Attorneys for Plaintiffs

## INTRODUCTION

Plaintiffs oppose Watson's motion for leave to amend its pleadings to the extent that Watson seeks to add a claim for attorneys' fees with respect to the '176 patent. Because this Court no longer has subject matter jurisdiction to allow the amendment, Watson's motion should be denied.[1]

## ARGUMENT

There is no dispute that Watson's pleadings in this case do not include a claim for attorneys' fees based on plaintiffs' assertion of the '176 patent. (*See* Watson's brief in support of its motion for leave to amend at 1, n.3, 2, 5). Thus, to assert such a claim now, Watson must obtain leave from this Court to amend its pleadings.[2] This Court, of course, cannot entertain that request unless it maintains subject matter jurisdiction to do so. Thus, Watson argues that notwithstanding plaintiffs' covenant not to sue it for infringement of the '176 patent, subject matter jurisdiction remains intact until a final order of dismissal has been entered by this Court, an event which has not yet occurred. Not surprisingly, Watson cites no authority for this proposition, which, we submit, is incorrect and makes no sense.

---

[1] Defendant Sun has not moved for leave to amend its pleadings to include an attorneys' fee claim with respect to the '176 patent. However, Sun has submitted a proposed amended answer including such a claim to the Court along with a proposed surreply submission in opposition to plaintiffs' pending motion to dismiss, and has written to the Court (on April 4, 2007) to remind the Court of these submissions. To the extent that Sun seeks leave to amend its pleadings, any such motion should be denied for the reasons explained in this brief.

[2] For the reasons discussed at pages 7-9 of Plaintiffs' Combined Reply in Support of Their Motions to Dismiss with Prejudice Their Claims Against Watson and Sun for Infringement of U.S. Patent No. 5,602,176 and to Dismiss Without Prejudice Watson's Counterclaims Concerning that Patent (filed March 16, 2007), Watson should be required to specifically plead its claim for attorneys' fees with respect to the '176 patent.

A covenant not to sue divests the Court of subject matter jurisdiction because the plaintiffs' binding promise not to sue eliminates the previously existing case or controversy between the parties. *See, e.g., Intellectual Prop. Dev. Inc. v. TCI Cablevision of Cal., Inc.*, 248 F.3d 1333 (Fed. Cir. 2001). Notwithstanding this basic principle, Watson argues that subject matter jurisdiction remains intact here because even after the covenant takes effect, the Court remains empowered to enter a formal dismissal order. The pendency of a dismissal order, however, should not mean that the Court retains subject matter jurisdiction over the controversy that has been mooted by the covenant not to sue. Because there no longer is a controversy concerning it, the '176 patent dispute is now moot, and nothing further should be required to extinguish this Court's jurisdiction over that dispute. Thus, if this Court were to allow amendment of Watson's pleadings to add an attorney's fees claim, it would be doing so with respect to a controversy concerning the '176 patent that no longer is justiciable in this Court.

Under applicable case law, this Court no longer has subject matter jurisdiction to allow Watson to amend its pleadings directed to the now mooted dispute concerning the '176 patent. *See Fox v. Bd. of Trs. of State Univ. of N.Y.*, 148 F.R.D. 474, 483-84 (N.D.N.Y. 1993), *aff'd*, 42 F.3d 135 (2d Cir. 1994), *cert. denied*, 515 U.S. 1169 (1995) (court was without power to allow amendment of pleadings after the case became moot and, therefore, subject matter jurisdiction was lacking); *Broad v. DKP Corp.*, No. 97 Civ. 2029, 1998 U.S. Dist. LEXIS 12942, at *11-*23 (S.D.N.Y. Aug. 18, 1998) (court lacks power to allow leave to amend pleadings when subject matter jurisdiction is lacking).

Watson cites no authority to the contrary, relying only on *Highway Equipment Co. v. FECO Ltd.*, 469 F.3d 1027, 1032-33 (Fed. Cir. 2006), which does not address the issue before

this Court. The party seeking attorneys' fees in the *Highway* case <u>had</u> specifically pleaded a claim for attorneys' fees, which was extant at the time that a covenant not to sue was executed. Thus, there was no issue in *Highway* of whether the Court had power to grant leave to amend to allow such a claim after it was stripped of jurisdiction by a covenant not to sue. Here, of course, Watson has no attorneys' fees claim. Because subject matter jurisdiction is lacking, amendment of Watson's pleadings concerning the now mooted '176 patent dispute should not be permitted.[3]

---

[3] We note that defendant Sun's opposition to plaintiffs' motion to dismiss the '176 patent claims in plaintiffs' case against Sun, relies upon the *Highway* decision for the proposition that a covenant not to sue eliminates subject matter jurisdiction for patent related counterclaims seeking declaratory judgment relief, but does not eliminate jurisdiction for the patentee's infringement claims, which are dismissible under Fed. R. Civ. P. 41. To the extent that the *Highway* case so held, it is inconsistent with earlier Federal Circuit precedent in *Intellectual Prop. Dev.*, 248 F.3d at 1342 (statement of non-liability divested district court of Article III jurisdiction such that dismissal of patent infringement claims and declaratory judgment counterclaims was proper). *See SVG Lithography Sys., Inc. v. Ultratech Stepper, Inc.*, 334 F. Supp. 2d 21, 26 (D. Mass. 2004) (in *Intellectual Property Development*, the Federal Circuit affirmed dismissal based on lack of subject matter jurisdiction rather than pursuant to Rule 41); *Merck v. Watson*, 2006 U.S. Dist. LEXIS 36026 at *10 (dismissal of patent claims and counterclaims based on a covenant not to sue "is required under Article III of The Constitution, which trumps the Federal Rules of Civil Procedure"). Since the Federal Circuit's decision in the *Intellectual Property Development* case was issued before the decision in the *Highway* case, the holding of *Intellectual Property Development* controls. *See Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir. 1988) ("This Court has adopted the rule that prior decisions of a panel of the court are binding precedent on subsequent panels unless and until overturned [e]n banc."). Therefore, since prevailing law holds that there is no subject matter jurisdiction to hear either the infringement claim or the counterclaims in this case, plaintiffs submit that defendants' attorneys' fees claim should be dismissed since (1) this Court no longer has jurisdiction to decide the substantive issue of inequitable conduct upon which the attorneys' fees claim is based; and (2) there is no subject matter jurisdiction to allow leave to amend.

## **CONCLUSION**

For the foregoing reasons, Watson's motion for leave to amend its pleading to add an attorneys' fee claim concerning the '176 patent should be denied.

Dated: April 19, 2007

Robert L. Baechtold (RB 6866)
Nicholas N. Kallas (NK 1084)
Diego Scambia (DS 0296)
Gregory B. Sephton (GS 6416)
FITZPATRICK, CELLA, HARPER & SCINTO
30 Rockefeller Plaza
New York, NY 10112-3801
Phone: (212) 218-2100
Facsimile: (212) 218-2200

Attorneys for Plaintiffs
Novartis Pharmaceuticals Corporation,
Novartis AG,
Novartis Pharma AG, Novartis International
Pharmaceutical Ltd., and
Proterra AG

## CERTIFICATE OF SERVICE

I, Diego Scambia, Esq., hereby certify that on April 19, 2007, a copy of Plaintiffs' Memorandum In Opposition To Watson's Motion For Leave To File An Amended Answer And Counterclaims was caused to be filed electronically and therefore served upon the following attorneys through the Court's transmission facilities pursuant to Fed. R. Civ. P. 5(b)(2)(D) and Local Rule 5.2:

> Barry S. White, Esq.
> Frommer, Lawrence & Haug LLP
> 745 Fifth Avenue
> New York, NY 10151
> Counsel for Watson Laboratories, Inc. and
> Watson Pharmaceuticals, Inc.
>
> James F. Hurst, Esq.
> Winston & Strawn LLP
> 35 W. Wacker Drive
> Chicago, IL 60601
> Counsel for Sun Pharmaceutical Industries, Ltd.
>
> Maurice N. Ross, Esq.
> Budd Larner
> 150 John F. Kennedy Pkwy.
> Short Hills, NJ 07078-0999
> Counsel for Dr. Reddy's Laboratories, Inc. and
> Dr. Reddy's Laboratories, Ltd.

Diego Scambia, Esq. (DS 0296)