# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Rivastigmine Patent Litigation ) | **MDL No. 1661 (HB) (JCF)** |
| ) | |
| Consolidation of: ) | |
| ) | |
| NOVARTIS PHARMACEUTICALS ) | <u>FILED ELECTRONICALLY</u> |
| CORPORATION, NOVARTIS AG, ) | |
| NOVARTIS PHARMA AG, NOVARTIS ) | |
| INTERNATIONAL PHARMACEUTICAL ) | |
| LTD., and PROTERRA AG, ) | |
| ) Civil Action No.: | |
| Plaintiffs, ) 1:05-md-01661 | |
| ) | |
| v. ) Civil Action No.: | |
| ) 04-CV-06045 (RMB) | |
| DR. REDDY'S LABORATORIES, LTD. and ) ( JCF ) | |
| DR. REDDY'S LABORATORIES, INC., ) | |
| ) | |
| Defendants. ) | |
| -----------------------------------------------------------) | |
| NOVARTIS PHARMACEUTICALS ) | |
| CORPORATION, NOVARTIS AG, ) | |
| NOVARTIS PHARMA AG, NOVARTIS ) | |
| INTERNATIONAL PHARMACEUTICAL ) | |
| LTD., and PROTERRA AG, ) | |
| ) Civil Action No.: | |
| Plaintiffs, ) 1:05-cv-02234 | |
| ) | |
| v. ) Civil Action No.: | |
| ) 04-CV-07594 MRP-CT | |
| WATSON PHARMACEUTICALS, INC. and ) | |
| WATSON LABORATORIES, INC., ) | |
| ) | |
| Defendants. ) | |
| -----------------------------------------------------------) | |
| NOVARTIS PHARMACEUTICALS ) | |
| CORPORATION, NOVARTIS AG, ) | |
| NOVARTIS PHARMA AG, NOVARTIS ) | |
| INTERNATIONAL PHARMACEUTICAL ) | |
| LTD., and PROTERRA AG, ) | |
| ) Civil Action No.: | |
| Plaintiffs, ) 1:05-cv-02235 | |
| ) 1:05-cv-07820 | |
| v. ) | |
| ) Civil Action No.: | |
| SUN PHARMACEUTICAL INDUSTRIES, LTD ) 04-C-5477 | |
| ) 05-C-4004 | |
| Defendant. ) | |

## WATSON'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR <u>LEAVE TO FILE AN AMENDED ANSWER AND COUNTERCLAIMS</u>

## I.    INTRODUCTION

Defendants Watson Pharmaceuticals, Inc. and Watson Laboratories, Inc., (collectively "Watson") submit this reply memorandum in support of Watson's Motion for Leave to File an Amended Answer and Counterclaims (the "Proposed Amendment") (Ex. 1 to Watson's Memorandum in Support of Motion, filed April 2, 2007).

This motion to amend follows, and relates to, plaintiffs' motion to dismiss U.S. Patent No. 5,602,176 ("the '176 patent") from this case.  In response to that motion, Watson explained that the dismissal sought by plaintiffs should be conditioned on Watson's amendment of its pleadings to, among other things, add a claim for attorneys' fees arising out of plaintiffs' wrongful assertion of the '176 patent while withholding critical evidence of that patent's defects. This Court's April 19, 2007 Report and Recommendation ("Report") on plaintiffs' dismissal motion recommended that the Court impose such a condition,[1] observed that defendants had "timely moved to amend their claims,"[2] and explained that "defendants are free to move to amend their pleadings to add a claim for attorneys' fees and this Court will continue to exercise jurisdiction over such a claim."[3]  Plaintiffs' opposition to this motion to amend raises the same arguments rejected in the Report.  Consistent with the Report, Watson's motion to amend should be granted.

---

[1] Report and Recommendation regarding Plaintiffs' Motion to Dismiss with Prejudice Their Action for Infringement of U.S. Patent No. 5,602,176, April 19, 2007 at 9-10, 17.

[2] *Id.* at 21.

[3] *Id.* at 22.

00447573.DOC

## II.   ARGUMENT

### A.   As an Initial Matter, Watson Should be Granted Leave to Add All Proposed Amendments that Do Not Relate to Its Attorneys' Fees Claim Because Plaintiffs Do Not Oppose Such Amendments

Plaintiffs' opposition is limited to one part of Watson's Proposed Amendment: its claim for attorneys' fees in connection with the '176 patent. The Proposed Amendment, however, has two parts: amendment to add an attorneys' fees claim on the '176 patent, and other amendments that conform Watson's defenses to theories and defenses that are already part of this case regarding the other patent-in-suit, U.S. Patent No. 4,948,807 ("the '807 patent"). Plaintiffs oppose only "to the extent that Watson seeks to add a claim for attorneys' fees with respect to the '176 patent."[4] Accordingly, leave should be granted with respect to the amendments concerning the '807 patent.

### B.   Watson Should be Granted Leave to Add a Claim for Attorneys' Fees Because Plaintiffs' Opposition Raises No New Arguments Not Considered and Rejected in the April 19, 2007 Report and Recommendation

The disputed issue on this motion is whether leave can and should be granted to allow Watson to amend to add an attorneys' fees claim on the '176 patent. Plaintiffs' opposition rests on arguments already rejected by this Court in the Report — namely, that the Court lacks authority to condition dismissal on addition of Watson's attorneys' fees claim, and that any such claim must be plead specifically. The Report specifically states that "[t]he defendants are free to move to amend their pleadings to add a claim for attorneys' fees and this Court will continue to exercise jurisdiction over such a claim."[5] The Report further explained that "even if attorneys' fees are considered special damages requiring formal pleading, courts may allow parties to cure their failure to plead at the outset by permitting amendment of pleadings to add a claim prior to

---

[4] Plaintiffs' Memorandum in Opposition to Watson's Motion for Leave to File an Amended Answer and Counterclaims at 1.

[5] Report at 22.

00447573.DOC

the entry of judgment."[6]  Because plaintiffs' opposition raises no arguments other than those

already rejected, Watson's motion should be granted consistent with the rulings in the Report.

### C.        The Interests of Justice Favor the Proposed Amendments

Watson seeks these amendments concerning the '176 patent so that there will be no

question that its claim of attorneys' fees may be pursued before this Court.  Because plaintiffs

make no new argument in opposing the Proposed Amendment — and have neither claimed nor

shown any prejudice[7] — Watson's motion should be granted, as leave to amend "shall be freely

given when justice so requires." *See Foman v. Davis*, 371 U.S. 178, 182 (1963); *S.S. Silberblatt,

Inc. v. E. Harlem Pilot Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979).

It would be fundamentally unfair to allow plaintiffs to game this case, introducing delay

and unnecessary litigation on a defective patent — all for the commercial advantage of an

extended monopoly on rivastigmine — and then avoid liability for having done so by

withdrawing the patent from the case.  As this Court recognized, "[t]o hold that the defendants

waived their claim to attorneys' fees by failing to plead them at the outset would seem

particularly inequitable where, as here, the defendants' claim for attorneys' fees is based in part

on the plaintiffs' conduct during the course of litigation."[8]

### III.     CONCLUSION

For the foregoing reasons, Watson respectfully requests that the Court grant its motion

for leave to file its Proposed Amendment.

---

[6] *Id.* at 21.

[7] As the Court has found, "[t]here is no prejudice to Novartis here." Report at 20.

[8] Report at 21 n.14.

00447573.DOC

Respectfully submitted,

FROMMER LAWRENCE & HAUG LLP


By:_____*Sarah Park*_____

    Barry S. White (BW 8332)
    James K. Stronski (JS 4883)
    H. Sarah Park (HP 0659)

    745 Fifth Avenue
    New York, New York 10151
    Phone: (212) 588-0800
    Fax: (212) 588-0500

    Attorneys for Defendants
    Watson Pharmaceuticals, Inc. and
    Watson Laboratories, Inc.

00447573.DOC

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2007, a true and correct copy of Watson's Reply Memorandum of Law in Support of its Motion for Leave to File an Amended Answer and Counterclaims was caused to be served electronically upon the following attorneys through the Court's Electronic Case Filing system pursuant to Fed. R. Civ. P. 5(b)(2)(D) and Local Rule 5.2, and by facsimile:

    Diego Scambia, Esq.
    FITZPATRICK, CELLA, HARPER & SCINTO
    30 Rockefeller Plaza
    New York, NY 10112-3801


    Derek J. Sarafa, Esq.
    WINSTON & STRAWN LLP
    35 West Wacker Drive
    Chicago, IL 60601


    Maurice N. Ross, Esq.
    BUDD LARNER, P.C.
    150 John F. Kennedy Parkway
    Short Hills, NJ  07078-2703