```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK              (ECF)
- - - - - - - - - - - - - - - - - - -:
                                       :  05 MD 1661 (HB) (JCF)
In Re RIVASTIGMINE PATENT              :
LITIGATION (MDL No. 1661)              :      MEMORANDUM
                                       :      AND  ORDER
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

Defendants Watson Pharmaceuticals Inc. and Watson Laboratories, Inc. (collectively, "Watson") and Sun Pharmaceutical Ltd. ("Sun") seek to amend their answers and counterclaims against plaintiffs Novartis Pharmaceuticals Corporation, Novartis AG, Novartis Pharma AG, Novartis International Pharmaceutical Ltd. and Proterra AG (collectively, "Novartis") to add a claim for attorneys' fees.[1]  Novartis opposes the motion.  For the reasons set forth below, the defendants' motion is granted.

Background

This multidistrict litigation concerns the patent rights for rivastigmine tartrate ("rivastigmine"), the active ingredient in Exelon, a medication marketed by Novartis Pharmaceutical Corporation for the treatment of mild to moderate dementia of the Alzheimer's type.[2]  Novartis brought actions alleging that the

---

[1] Watson filed a formal motion, while sun submitted a letter seeking similar relief.  (Letter of Derek J. Sarafa dated April 4, 2007).

[2] The factual background of this litigation is set out at length in previous orders, see, e.g., In re Rivastigmine Patent Litigation, No. 05 MD 1661, 2005 WL 957426 (S.D.N.Y. April 25, 2005), and will be discussed here only as it pertains to the instant motion.

defendants[3] had induced infringement of two patents owned by
Novartis.    One  defendant,  Watson,  then  counterclaimed  against
Novartis for a declaratory judgment holding the patents in question
to be invalid.

After  extensive  discovery,  Novartis  moved  to  dismiss  with
prejudice  its  claims  with  regard  to  one  of  the  two  rivastigmine
patents at issue, U.S. Patent No. 5,602,176 ("the '176 patent"),[4]
and to dismiss without prejudice Watson's counterclaims regarding
that patent.  It also executed covenants not to sue Sun and Watson
over the '176 patent.  On April 19, 2007, this Court recommended
that Novartis' motion to dismiss be granted, conditioned on certain
alterations  to  their  covenants  not  to  sue.    In re Rivastigmine
Patent Litigation, No. 05 MD 1661, 2007 WL 1154000 (S.D.N.Y. April
19, 2007).  The parties filed no objections to that recommendation.

Before that recommendation was issued, Sun and Watson moved to
amend  their  answers  to  add  certain  allegations  and  defenses
concerning Novartis' claims on both the '176 patent and the '807
patent.  Among the added claims is a request for attorneys' fees
under 35 U.S.C. § 285 on the grounds that the '176 patent was
obtained fraudulently and that that claim was prosecuted in bad

---

[3] Proceedings have been stayed with regard to a third set of
defendants in the original action, Dr. Reddy's Laboratories, Ltd.
and Dr. Reddy's Laboratory, Inc.  Those defendants have stipulated
that the disposition of their claims will reflect the ultimate
determination of the parallel claims litigated by defendants Sun
and Watson.

[4] Thus, Novartis' claims with regard to the other patent,
U.S. Patent No. 4,948,807 (the "'807 patent"), are still at issue
in this litigation.

faith.  Novartis does not oppose the amendments concerning the '807 patent.  It does oppose the amendments concerning the '176 patent "to the extent that [the defendants] seek[] to add a claim for attorneys' fees."   (Plaintiffs' Memorandum in Opposition to Watson's Motion For Leave to File An Amended Answer and Counterclaims ("Pl. Memo.") at 1).

Discussion[5]

A motion to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); see also Oneida Indian Nation of New York v. City of Sherill, 337 F.3d 139, 168 (2d Cir. 2003), rev'd on other grounds, 544 U.S. 197 (2005).  Notwithstanding the liberality of the general rule, "it is within the sound discretion of the court whether to grant leave to amend."  John Hancock Mutual Life Insurance Co. V. Amerford International Corp., 22 F.3d 458, 462 (2d Cir. 1994)(citation omitted); accord Krumme v. WestPoint Stevens Inc., 143 F.3d 71, 88 (2d Cir. 1998).  In discussing the use of this discretion, the Supreme Court has stated:

> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

---

[5] I note at the outset that the law of the Federal Circuit governs questions of patent law, while the law of the regional circuit applies to procedural questions that are not specific to patent law.  See Madey v. Duke University, 307 F.3d 1351, 1358 (Fed. Cir. 2002).  I therefore apply the law of the Second Circuit to the procedural question of whether to allow amendment of the pleadings.

futility of amendment, etc. -- the leave should . . . be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962) (internal quotation marks omitted).

The plaintiffs argue that their motion to withdraw voluntarily their claim with regard to the '176 patent divested this Court of subject matter jurisdiction over that claim, thus precluding me from granting the defendants' motion to amend.  As I noted in my Report and Recommendation of April 19, 2007, "'[i]t is well-established that a trial court may be divested or deprived of subject matter jurisdiction over a particular patent claim if the patentee covenants not to assert an infringement claim against a putative infringer.'"  In re Rivastigmine Patent Litigation, 2007 WL 1154000 at *2 (quoting Crossbow Technology, Inc. v. YH Technology, No. C-03-04360, 2007 WL 174422, at *2 (N.D. Cal. Jan. 22, 2007)).  However, as I also explained there, the Federal Circuit's recent decision in Highway Equipment Co. v. FECO, Ltd., 469 F.3d 1027 (Fed. Cir. 2006), limited this principle to declaratory judgment counterclaims in patent infringement cases.

> While the covenant [not to sue on the claims in question] may have eliminated the case or controversy pled in the patent-related counterclaims and deprived the district court of Article III jurisdiction with respect to those counterclaims, the covenant does not deprive the district court of jurisdiction to determine the disposition of the patent infringement claims raised in the Complaint under Rule 41 or the request for attorney fees under 35 U.S.C. § 285.

Id. at 1033 n.1 (internal citations omitted).[6]  Under Rule 41(a)(2)

_____

[6] Novartis reiterates its claim that Highway Equipment is "inconsistent" with earlier Federal Circuit case law and that,

of the Federal Rules of Civil Procedure, dismissal at the
plaintiff's behest may be made contingent upon "such terms and
conditions as the court deems proper." Thus, I recommended that
dismissal of Novartis' patent infringement claims be conditioned
upon, among other things, allowing the defendants to add a claim
for attorneys' fees to their pleadings.

Attorneys' fees may be awarded to a prevailing party in a
patent infringement action "in exceptional cases."[7] 35 U.S.C. §
285. Here, there is no reason to preclude the defendants from
adding a counterclaim for such fees to their pleadings. The
plaintiffs do not complain of any prejudice, delay, or futility.
Indeed, there would be little basis for such assertions.
"'[P]arties . . . have been permitted to amend their pleadings
long after they acquired the facts necessary to support those

according to Federal Circuit custom, the earlier holding must be
given precedence absent en banc reconsideration. See Newell
Companies, Inc. v. Kenney Manufacturing Co., 864 F.2d 757, 765
(Fed. Cir. 1988)("This court has adopted the rule that prior
decisions of a panel of the court are binding precedent on
subsequent panels unless and until overturned en banc."). (Pl.
Memo. at 3 n.3). But, as I explained in my earlier opinion,
Highway Equipment is not irreconcilable with Federal Circuit
precedent and indeed, the court specifically distinguishes the
cases cited by Novartis. In re Rivastigmine Patent Litigation,
2007 WL 1154000, at *4. As interpreted by the court in Highway
Equipment, those cases address only the court's ongoing subject
matter jurisdiction over declaratory judgment counterclaims, rather
than the underlying patent infringement claims. Id. (citing
Highway Equipment, 469 F.3d at 1033 n.1).

   [7] Whether such a claim for attorneys' fees must be formally
pled is unclear, see L.E.A. Dynatech, Inc. v. Allina, 49 F.3d 1527,
1530 (Fed. Cir. 1995) ("District courts possess inherent power to
assess attorney fees as a sanction when a party acts in bad faith,
vexatiously, wantonly, or for oppressive reasons."), but that issue
need not be considered here since Watson's motion to amend their
pleadings to add such a claim is granted.

claims.'"   <u>Securities   and   Exchange   Commission   v.   DCI</u>
<u>Telecommunications, Inc.</u>, 207 F.R.D. 32, 34 (S.D.N.Y. 2002)
(quoting <u>Richardson Greenshields Securities, Inc. v. Lau</u>, 825 F.2d
647 563 n.6 (2d Cir. 1987).  Here, while the defendants' motion to
amend comes after much discovery, much of the conduct that forms
the basis of the claim for attorneys' fees (Watson's Amended Answer
and Counterclaims to Amended Complaint, attached as Exh. 1 to
Watson's Memorandum in Support of its Motion for Leave to File an
Amended Answer and Counterclaims ("Def. Memo."), ¶¶ 91-109, 113-
168), came to light as a result of documents released pursuant to
recent rulings in the case.  See <u>In re Rivastigmine Patent</u>
<u>Litigation</u>, 237 F.R.D. 69 (S.D.N.Y. 2006); <u>In re Rivastigmine</u>
<u>Patent Litigation</u>, No. 05 MD 1661, 2006 WL 4061853 (S.D.N.Y. Dec.
20, 2006).  Moreover, the defendants' claims for attorneys' fees
also rest in part on the plaintiffs' conduct during litigation,
including their motion to withdraw their claim voluntarily and
could not have been added prior to the that conduct.

     Even if the defendant had been dilatory in moving to amend,
that alone would not warrant denying the motion.  Delay, absent bad
faith or prejudice, is not a sufficient basis for denying leave to
amend.  See <u>Parker v. Columbia Pictures Industries</u>, 204 F.3d 326,
339 (2d Cir. 2000); <u>Block v. First Blood Associates</u>, 988 F.2d 344,
350 (2d Cir. 1993); <u>Richardson Greenshields</u>, 825 F.2d at 653 n.6;
<u>In re Horizon Cruises Litigation</u>, 101 F. Supp. 2d 204, 215
(S.D.N.Y. 2000).  Here, the delay was not the result of bad faith.
As noted above, the claim for attorneys' fees is based primarily on

information revealed by documents that were only recently produced. Moreover, the delay in the production of those documents was due to the strenuous resistance of the plaintiffs.

Nor will the claim for attorneys' fees prejudice the plaintiffs. Fact discovery regarding the '176 patent claim has been concluded and the defendants seek no additional discovery related to the attorneys' fees claim. (Def. Memo. at 5 n.11). While both parties will presumably have to brief the claim for attorneys' fees, the expenditure of additional resources involved in doing so is minimal, as the facts and claims involved are essentially those that have been at the center of the case since its inception. Since Novartis' patent infringement action regarding the '176 patent has already been dismissed, concerns about delaying resolution of that claim do not apply here. Nor will this amendment affect the course of litigation over Novartis' claims concerning the '807 patent.

Finally, the motion to amend is not futile. A motion to amend may be denied as futile if the amendment would not withstand a motion to dismiss pursuant to Rule 12(b)(6). See Oneida Indian Nation, 337 F.3d at 168; Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001); Smith v. CPC International, Inc., 104 F. Supp. 2d 272, 274 (S.D.N.Y. 2000). To overcome objections of futility, the moving party must merely show that it has "at least colorable grounds for relief." Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 783 (2d Cir. 1984) (citation omitted); see also Kaster v. Modification Systems, Inc.,

731 F.2d 1014, 1018 (2d Cir. 1984).  As noted above, the plaintiffs do not contend that the motion is futile, nor are there any obvious grounds upon which to base a claim of futility, apart from the jurisdictional argument discussed above.  The defendants' contention that the patent was obtained fraudulently and that the litigation was prosecuted in bad faith are both sufficient grounds for relief under 35 U.S.C. § 285.  See Serio-US Industries, Inc. v. Plastic Recovery Technologies Corp., 459 F.3d 1311, 1321-1322 (Fed. Cir. 2006)(stating that exceptional cases under 35 U.S.C. § 285 usually feature conduct such as "fraud or inequitable  conduct in procuring the patent, misconduct during litigation, [or] vexatious or unjustified litigation"); Kao Corp. v. Unilever United States, Inc., 441 F.3d 963, 974 (Fed. Cir. 2006)(same).

Accordingly, the defendants' motions to amend are granted.  As explained in my previous opinion, this Court retains jurisdiction over the defendants' claims for attorneys' fees despite the dismissal of the underlying claim under Rule 41.  In re Rivastigmine Patent Litigation, 2007 WL 1154000, at *9; see also Highway Equipment, 469 F.3d at 1032-33 & n.1; Digeo, Inc. v. Audible, Inc., No. C05-464, 2006 WL 3486801, at *3 (W.D. Wash. Dec. 1, 2006); Polarity, Inc. v. Diversified Technologies, Inc., No. C-06-0646, 2006 WL 2982151, at *2 (N.D. Cal. Oct. 17, 2006)(pre-Highway Equipment, collecting cases for proposition that "[m]ost courts that have considered the issue agree . . . that a court retains jurisdiction over a claim for attorney's fees under [35 U.S.C.] § 285 even after [voluntary] dismissal").

8

Conclusion

        For the reasons set forth above, the defendants' motions to
amend are granted.


                          SO ORDERED.


                          _James C. Francis IV_
                          JAMES C. FRANCIS IV
                          UNITED STATES MAGISTRATE JUDGE


Dated:    New York, New York
          June 1, 2007


Copies mailed this date:

Robert L. Baechtold, Esq.
Diego Scambia, Esq.
Nicholas N. Kallas, Esq.
Gregory B. Sephton
Fitzpatrick, Cella, Harper & Scinto
30 Rockefeller Plaza
New York, New York   10112-3801

Barry S. White, Esq.
James K. Stronski, Esq.
Haejin Sarah Park, Esq.
Frommer Lawrence & Haug, LLP
745 Fifth Avenue
New York, New York   10151

James F. Hurst, Esq.
Derek J. Sarafa, Esq.
Ivan M. Poullaos, Esq.
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL   60601

Maurice N. Ross, Esq.
Budd Larner PC
150 John F. Kennedy Parkway
Short Hills, New Jersey   07078